Case 4:23-cv-00610 Document 17 Filed on 07/07/23 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAREEM ALOWONIE TAJUDEEN, § § *Plaintiff,* § § v. § § TRAVIS IAN JOHNSTON, *et al.*, § § *Defendants.* § § § | CIVIL ACTION NO. 4:23-cv-610 |

## ORDER

Pending before the Court is Defendant John Christner Trucking, LLC's Motion to Dismiss ("Defendant") (Doc. No. 3). Plaintiff Kareem Alowonie Tajudeen ("Plaintiff") has not responded in a timely manner. Having considered the motion and the applicable law, the Court hereby **GRANTS** the Motion to Dismiss.

### I. Background

This dispute centers on alleged acts motor vehicle accident that took place on Interstate 40 near Mile Marker 36 in New Mexico. (Doc. No. 1-4). Plaintiff originally filed this lawsuit in the 269th Judicial District Court of Harris County, Texas. (*See* Doc. No. 1). According to Plaintiff's original petition, Plaintiff was traveling with his hazard lights on while it was snowing. (Doc. No. 1-4 at 3). Plaintiff alleges that Defendant Travis Ian Johnston ("Johnston"), who was driving a vehicle owned by Defendant John Christner Trucking, LLC, was following him too closely and rear-ended him. (*Id.*). Plaintiff brings causes of action for negligence against both Defendants, negligent entrustment against John Christner Trucking, LLC, and recklessness against Johnston. (*Id.* at 4-5).

Plaintiff is a resident of Texas and Defendant Johnston is a resident of Arizona while John Christner Trucking, LLC is a resident of Oklahoma. (Doc. No. 3). Accordingly, Defendant John Christner Trucking, LLC filed this Motion to Dismiss, requesting that this matter be dismissed under Rule 12(b)(3) for improper venue and the doctrine of *forum non conveniens*.[1] (*Id.*). Plaintiff did not respond.

## II. Legal Standard

A. <u>Improper Venue Under Rule 12(b)(3)</u>

Even if a given forum may exercise personal jurisdiction over the defendant, Rule 12(b)(3) permits a defendant to assert "improper venue" as a defense to a plaintiff's claim for relief. Fed. R. Civ. P. 12(b)(3). The general venue statute, 28 U.S.C. § 1391 controls a plaintiff's choice of venue. Under that section, a diversity action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391 (b)(1)–(2).

"Once a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper." *Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 700 (S.D. Tex. 2013) (citing *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011)). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). If venue is

---

[1] Since the question of whether venue is proper resolves whether Plaintiff's claims survive Defendant's Motion to Dismiss, the Court will not be addressing Defendant's *forum non conveniens* arguments in this Order.

2

lacking, district courts are instructed to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. "The decision to dismiss or transfer lies within the court's discretion." *Graham*, 973 F. Supp. 2d at 701 (citing *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 788 (S.D. Tex. 2012)).

### III.     Analysis

### IV.     Plaintiff's Lack of Response

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty-one days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.*

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). In fact, the Fifth Circuit has explicitly held that "failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Defendant's motion would be improper and the Court will consider the merits of Defendant's arguments below.

#### A.   Venue is Improper in the Southern District of Texas

Defendant contends that this matter should be dismissed for improper venue. (Doc. No. 3 at 4-5). Specifically, the parties agree that the accident occurred in New Mexico and none of the

3

two Defendants reside in the Texas, much less the Southern District of Texas. (*Id.*). Plaintiff has not contested these facts, nor countered these arguments.

The Court agrees with Defendant that venue is improper in the Southern District of Texas. Since Johnston is a resident of Arizona and John Christner Trucking, LLC is a resident of Oklahoma and the parties agree that the accident took place in New Mexico, venue is improper in the Southern District of Texas. Accordingly, Defendant's Motion to Dismiss is granted.

## V. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss (Doc. No. 3). This case is hereby dismissed without prejudice.

Signed at Houston, Texas, this 7th day of July, 2023.

Andrew S. Hanen
United States District Judge